CT Corporation

**Service of Process Transmittal**
08/02/2021
CT Log Number 540007506

TO: Kim Lundy- Email
Walmart Inc.
702 SW 8TH ST
BENTONVILLE, AR 72716-6209

RE: **Process Served in Georgia**

FOR: Wal-Mart Stores, Inc.  (Former Name)  (Domestic State: DE)
WALMART INC. (True Name)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Henderson Marshayla, Pltf. vs. Wal-Mart Stores, Inc., etc. and John Doe, Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Certificate, First Interrogatories, First Request(s), Information Form |
| **COURT/AGENCY:** | State Court of Forsyth County, GA<br>Case # 21SC1104A |
| **NATURE OF ACTION:** | Personal Injury - Slip/Trip and Fall - 05/12/2020, Store #494, at 1025 GA-34 East, Newman, Georgia 30265 |
| **ON WHOM PROCESS WAS SERVED:** | The Corporation Company (FL), Cumming, GA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 08/02/2021 at 14:09 |
| **JURISDICTION SERVED :** | Georgia |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service, exclusive of the day of service (Document(s) may contain additional answer dates) |
| **ATTORNEY(S) / SENDER(S):** | Tim O. Henshaw<br>Ali Awad Law, P.C.<br>200 Peachtree Street, Ste. 201<br>Atlanta, GA 30303<br>833-254-2923 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 08/02/2021, Expected Purge Date: 08/07/2021<br><br>Image SOP |
| **REGISTERED AGENT ADDRESS:** | The Corporation Company (FL)<br>106 Colony Park Drive<br>STE 800-B<br>Cumming, GA 30040<br>877-564-7529<br>MajorAccountTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

FORSYTH COUNTY, GEORGIA
FILED IN THIS OFFICE
7/29/2021 5:58 PM
GREG G. ALLEN
CLERK OF THE STATE COURTS
21SC-1104-A
Abernathy-Maddox, Leslie

## IN THE STATE COURT OF FORSYTH COUNTY

## STATE OF GEORGIA

MARSHAYLA HENDERSON,

    Plaintiff,

vs.

WAL-MART STORES, INC. d/b/a
WAL-MART STORE #494 and JOHN
DOE,

    Defendants.

CIVIL ACTION

FILE NO.:

### SUMMONS

TO THE ABOVE NAMED DEFENDANTS:

    You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

Tim O. Henshaw
ALI AWAD LAW, P.C.
200 Peachtree Street, Ste. 201
Atlanta, GA 30303
Telephone: (833) 254-2923
tim@aliawadlaw.com

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

    This __29__ day of July, 2021.

Clerk of Forsyth County State Court

By:___/s/ Maria Lamela_____
        Deputy Clerk

[1]

FORSYTH COUNTY, GEORGIA
FILED IN THIS OFFICE
7/29/2021 5:58 PM
GREG G. ALLEN
CLERK OF THE STATE COURTS
21SC-1104-A
Abernathy-Maddox, Leslie

## IN THE STATE COURT OF FORSYTH COUNTY

## STATE OF GEORGIA

| | |
|---|---|
| MARSHAYLA HENDERSON | |
| Plaintiff, | CIVIL ACTION |
| | FILE NO.: _____ |
| v. | |
| WAL-MART STORES, INC. d/b/a WAL-MART STORE #494, and JOHN DOE, | **JURY TRIAL DEMANDED** |
| Defendants. | |

## COMPLAINT

COMES NOW MARSHAYLA HENDERSON, plaintiff, and makes and files this complaint against defendant WAL-MART STORES, INC. d/b/a WAL-MART STORE #494 and JOHN DOE as follows:

### PARTIES AND JURISDICTION

1.

Plaintiff MARSHAYLA HENDERSON resides at 4103 Lakewater Circle, Snellville, Gwinnett County, GA 30039, and is subject to the jurisdiction of this court.

2.

WAL-MART STORES, INC. d/b/a WAL-MART STORE #494, is a foreign corporation existing under the laws of the state of Arkansas, who maintains its principal place of business in Arkansas, at all times relevant to this action, owned and/or operated the Forsyth County premises upon which Plaintiff sustained the injuries which form the basis of this action, and maintains an office and place of doing business in Forsyth County, GA, and is therefore subject to jurisdiction

and venue of this court. Defendant Walmart may be served with a copy of the complaint and summons via its registered agent, THE CORPORATION COMPANY at 106 Colony Park Drive, Suite 800-B, Cumming, Forsyth County, GA, 30040.

3.

Defendant JOHN DOE ("Defendant Doe") is an unidentified individual who, at all times relevant to this action, was acting within the scope of employment for Defendant Wal-Mart on the premises where Plaintiff sustained the injuries which form the basis of this action and whose acts and/or omissions contributed to Plaintiffs damages and is subject to the jurisdiction and venue of this Court.

4.

Jurisdiction and venue are proper in this court pursuant to O.C.G.A. § 14-2-510.

## BACKGROUND

5.

On May 12, 2020 plaintiff was an invitee at Wal-mart located at 1025 GA-34 East, Newnan, GA 30265.

6.

Plaintiff slipped and fell on a puddle of water near a self-checkout kiosk in Wal-mart.

7.

There were no cones or other warnings in the area of the puddle of water at the time of the fall.

8.

Defendant had exclusive ownership, possession and control over Wal-mart located at 1025 GA-34 East, Newnan, GA 30265 at all times relevant to this litigation.

9.

As a result of plaintiff's fall, she suffered a torn meniscus to her right knee.   As a result of the injury, Plaintiff has incurred or will incur medical expenses in excess of $26,400.

## COUNT I
## PREMISES LIABILITY

10.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 9 above as if fully restated.

11.

Plaintiff was an invitee on the premises owned and operated by Defendant Wal-Mart at the time of the incident.

12.

Defendant Wal-Mart owed a nondelegable duty of reasonable care in keeping the premises safe for invitees such as plaintiff.

13.

Defendant Wal-Mart and Defendant John Does was negligent in failing to properly inspect the area where the fall occurred, in failing to remove the hazard from the floor, in failing to take adequate measures to protect invitees from substances on the floor and in failing to keep the premises safe for invitees.

14.

Defendant Wal-Mart and/or Defendant John Doe or any other individuals knew or should have known that the puddle of water posed a danger to invitees on the premises and should have inspected, cleaned and warned invitees about the puddle of water to avoid injury to invitees on the premises.

15.

- 3 -

Plaintiff did not know and could not reasonably have learned of the dangers posed by the hazardous puddle of water at issue.

16.

Defendant Wal-Mart and/or Defendant John Doe negligence was the proximate cause of plaintiff's injuries.

17.

As a foreseeable and proximate result of the Defendants' negligence, Plaintiff suffered bodily injury for which she has or will incur medical expenses in excess of $26,400.00.

## COUNT II
### VICARIOUS LIABILITY OF DEFENDANT WAL-MART AND DEFENDANT DOE

18.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 17 above as if fully restated.

19.

At all times relevant to this action, Defendant Doe and any other individuals responsible for inspecting, cleaning and maintaining the area where plaintiff fell were employed by Defendant Wal-Mart and were acting within the scope of their employment.

20.

Defendant Wal-Mart is responsible for the conduct of Defendant Doe and these individuals under the doctrine of *respondeat superior*, agency or apparent agency or any combination thereof which may be shown at trial.

21.

As a foreseeable and proximate result of the Defendants' negligence, Plaintiff suffered bodily injury for which she has or will incur medical expenses in excess of $26,400.00.

- 4 -

## COUNT III
## NEGLIGENT TRAINING & SUPERVISION

22.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 21 above as if fully restated.

22.

Defendant Wal-Mart was negligent in failing to adopt appropriate policies and procedures to make sure that appropriate inspections, cleaning and maintenance were performed on the premises and in failing to train its employees concerning safety procedures for inspecting, cleaning and maintaining the premises.

23.

Defendant Wal-Mart was negligent in training and supervising its staff.

24.

As a result of defendant's negligence in training and supervising its employees, plaintiff was injured on the premises.

25.

As a foreseeable and proximate result of the Defendants' negligence, Plaintiff suffered bodily injury for which she has or will incur medical expenses in excess of $26,400.00.

WHEREFORE, plaintiff prays that she have a trial on all issues and judgment against defendant as follows:

(a)     That plaintiff recover the full value of past and future medical expenses and past and future lost wages in an amount to be proven at trial;

(b)     That plaintiff recover for mental and physical pain and suffering and emotional distress in an amount to be determined by the enlightened conscience of the jury;

- 5 -

(c)     That plaintiff recover such other and further relief as is just and proper;

(d)     That all issues be tried before a jury.

This 29<u>th</u> day of July, 2021.

Respectfully submitted:

**ALI AWAD LAW, P.C.**

<u>/s/ Tim O. Henshaw</u>
TIM O. HENSHAW
State Bar No. 835848
Attorney for Plaintiff

200 Peachtree Street NW
Suite 201
Atlanta, GA 30303
P: (833) 254-2923
F: (706) 528-5090
litigation@aliawadlaw.com

FORSYTH COUNTY, GEORGIA
FILED IN THIS OFFICE
7/29/2021 5:58 PM
GREG G. ALLEN
CLERK OF THE STATE COURTS
21SC-1104-A
Abernathy-Maddox, Leslie

## IN THE STATE COURT OF FORSYTH COUNTY

## STATE OF GEORGIA

MARSHAYLA HENDERSON,

       Plaintiff,

vs.

WAL-MART STORES, INC. d/b/a
WAL-MART STORE #494 and JOHN
DOE,

       Defendants.

CIVIL ACTION

FILE NO.:

### **5.2 CERTIFICATE OF SERVICE OF DISCOVERY MATERIALS**

I HEREBY CERTIFY that I have served a copy of:

1. Plaintiffs' First Interrogatories to WAL-MART STORES, INC.;
2. Plaintiff's First Request for Production of Documents to WAL-MART STORES, INC.; and
3. Plaintiff's First Request for Admissions to WAL-MART STORES, INC.;

upon all parties in this matter by including a true and correct copy of same which is to be served contemporaneously with the complaint and summons by a Deputy of the Sheriff's Office in the County in which the defendant resides or other proper process server, as approved by the Georgia Civil Practice Act, who is to effectuate service at the following address:

**WAL-MART STORES, INC.**
c/o The Corporation Company
106 Colony Park Drive
Suite 800-B
Cumming, GA 30040

This the __th day of July, 2021.

Respectfully submitted:

**ALI AWAD LAW, P.C.**

[1]

/s/ Tim O. Henshaw
TIM O. HENSHAW
State Bar No. 835848
Attorney for Plaintiff

200 Peachtree Street NW
Suite 201
Atlanta, GA 30303
P: (833) 254-2923
F: (706) 528-5090
tim@aliawadlaw.com
Firm Contact:
litigation@aliawadlaw.com

[2]

# IN THE STATE COURT OF FORSYTH COUNTY

## STATE OF GEORGIA

MARSHAYLA HENDERSON,

       Plaintiff,

vs.

WAL-MART STORES, INC. d/b/a
WAL-MART STORE #494 and JOHN
DOE,

       Defendants.

CIVIL ACTION

FILE NO.:

## PLAINTIFF'S FIRST INTERROGATORIES TO
## DEFENDANT WAL-MART STORES, INC. d/b/a WAL-MART STORE #494

COMES NOW, Plaintiff in the above styled action and hereby requires that Defendant

WAL-MART STORES, INC. d/b/a WAL-MART STORE #494 (hereinafter, "Wal-Mart") answer

under oath and in writing the following interrogatories within forty-five (45) days from the date of

service, i.e. the time provided for response pursuant to O.C.G.A. § 9-11-33, and that a copy of the

answers be furnished to the Plaintiff's attorney, Ali Awad Law, P.C., Attn: Tim O. Henshaw, 200

Peachtree Street NW, Suite 201, Atlanta, GA 30303.

## I. INSTRUCTIONS

**NOTE A:**    When used in these interrogatories, the phrase "Defendant", "individual in

question", "you" or any synonym thereof are intended to and shall embrace and include, in addition

to Defendant Wal-Mart individually, its attorneys, agents, servants, employees, representatives,

private investigators, insurance adjusters, and all others who are in possession of, in control of, or

may have obtained information for or on behalf of Defendant Wal-Mart.

**NOTE B:**    Throughout these interrogatories, wherever Defendant Wal-Mart is requested to identify a communication of any type and such communication was oral, the following information should be furnished with regard to each such communication:

(a)    By whom it was made, and to whom;

(b)    The date upon which it was made;

(c)    Who else was present when it was made;

(d)    Whether it was recorded or described in any writing of any type and, if so, identification of each such writing in the manner indicated in Note C below.

**NOTE C:**    Throughout these interrogatories, wherever Defendant Wal-Mart is requested to identify a communication, letter, document, memorandum, report or record of any type and such communication was written, the following information should be furnished:

(a)    A specific description of its nature (e.g., whether it is a letter, a memorandum, etc.);

(b)    By whom it was made and to whom it was addressed;

(c)    The date it was made; and

(d)    The name and address of the present custodian of the writing or, if not known, the name and address of the present custodian of a copy thereof.

**NOTE D:**    Throughout these interrogatories, wherever Defendant Wal-Mart is requested to identify a person, the following information should be furnished:

(a)    The person's full name;

(b)    His or her present home and business address and telephone number at each address;

(c)    His or her occupation; and

(d)    His or her place of employment.

**NOTE E:**     These interrogatories shall be deemed continuing to the extent required by law.  You are required to (1) seasonably supplement any response directed to the identity and location of persons having knowledge of discoverable matters as well as the identity of each person expected to be called as a witness at trial, the subject matter on which he or she is expected to testify and the substance of his or her testimony; (2) amend any prior response if you subsequently learn that the original response is no longer true and the circumstances are such that a failure to amend the response is, in substance a knowing concealment; and (3) provide such other supplementary responses required by law.

## II. INTERROGATORIES

1.

State the full name, address, title and position of the person answering these interrogatories and, if different, state the full name, address, employer, title and position of the person verifying the answer to these interrogatories, as well as the full name, address or last known address, employer, title and position of each person consulted by the person preparing your answers to these interrogatories.

2.

State the name and address of any person, including any party, who, to your knowledge, information or belief was an eyewitness to the incident complained of in this action; has some knowledge of any fact or circumstance upon which your defense is based; and has conducted any investigation relating to the incident complained of or the background, employment, medical history or activities of Plaintiff MARSHAYLA HENDERSON.

3.

State the full name, address or last known address, employer, title and position of each person not named in response to Interrogatory No. 2 who was present or claims to have been present at the scene immediately before or immediately after Plaintiff's incident.

4.

To your knowledge, information or belief, has any person identified in your answer to Interrogatory No. 2 and/or 3 given any statement or report in connection with this action? If so, describe such statement or report and give the name and address of the person having custody and control thereof.

5.

Please identify each and every witness or employee who, at the time of the incident, was in the vicinity of the area of the where the subject incident occurred in the Wal-Mart Stores #494, located at 1025 Highway 34 East, Newnan, GA 30265 and owned by Defendant Wal-Mart (hereinafter, "the store") where Plaintiff's incident occurred. In regard to each such employee, please state the individual's name, address, telephone number, shift worked, and job duties.

6.

State whether there is or was in existence any policy of liability insurance that would or might inure to the benefit of Plaintiff, by providing for payment of a part or all of any judgment rendered in favor of Plaintiff against the Defendants by reason of the incident described in the complaint, and if the answer is in the affirmative, state as to each such policy of insurance known or believed to exist by you the name and address of the insurer on each such policy; the name and address of each named insured on each such policy; the relationship, if any, between each named insured on each such policy and the defendant; the policy number of each such policy; the name

and address of any person who may be an additional insured under such policy by reason of the incident described in the complaint, and the relationship, if any, between such additional insured and the defendants in this case; and the limits of liability in such policy as might be applied to Plaintiff by reason of any one accident.

7.

Please identify any entity or person with any financial interest, lease or ownership interest in the premises on which Plaintiff's incident occurred on or about May 12, 2020.

8.

State whether you, your attorneys, or agents thereof have any statement, or any notes or memoranda of any statements, from any witness or person who claims to have witnessed or has knowledge or claims to have knowledge of Plaintiff's incident, including any statement made by Plaintiff.

9.

State whether any movies, videotapes or other photographs or other recordings were taken of Plaintiff or of the scene of the incident at any time prior, during or subsequent to the time of Plaintiff's incident.  If so, state the date of each such movie, videotape, photograph or recording; the name, address or last known address, employer, title and position of each person who took or had control over each such movie, videotape, photograph or recording; and the name, address or last known address, employer, title and position of each person having possession of each such movie, videotape, photograph or other recording or any negative thereof.

10.

Has any other personal injury or trip and fall accident occurred in the store, either during the five (5) years preceding Plaintiff's incident, or any time during or after the date of Plaintiff's

incident? If so, for each such accident or personal injury, state the date and time it occurred; a brief description of how it occurred; the name, or other means of identification and address of each person involved in each such occurrence; the location at which it occurred; and any remedial actions taken by Defendant Wal-Mart subsequent to each occurrence.

11.

At the time of Plaintiff's incident, did Defendant Wal-Mart have any procedures in place, written or unwritten, formal or informal, for the inspection, cleaning and maintenance of the premises complained of, specifically the subject department of the store? If so, state the name, address, employer and position of each person having custody of each such written procedures. For all such procedures, whether written or oral, describe the manner in which they were communicated, the names and addresses or last known addresses of all persons to whom they were communicated; and the name, address, employer, title and position of each person who had knowledge of said procedures prior to the time of Plaintiff's incident.

12.

Was Defendant Wal-Mart or any of its representatives notified orally, in writing, or otherwise of Plaintiff's incident? If so, state whether Defendant Wal-Mart was informed of the fall by someone other than an employee of said Defendant, and if so, state the name, address or last known address, employer, title and position and phone number of each person who informed Defendant Wal-Mart and the date on which the information was received. Additionally, state whether there is or was any record of the receipt of such information, and if so, state the name, address or last known address, employer, title and position of each such person and agency in possession of such records, and the title or other identification or description of the content of such record.

13.

State whether Defendant Wal-Mart made any changes in its procedures for the inspection, cleaning and maintenance of its premises subsequent to Plaintiff's incident. If so, state in detail what changes were made.

14.

Please identify (in accordance with Instruction Note D) each person working on the premises with any duties for the area where this incident occurred on May 12, 2020.

15.

Has any insurer referred to above denied coverage or reserved its right to later deny coverage under any such policy of liability insurance? If so, please explain.

16.

Do you contend that Plaintiff caused or contributed to the incident in question? If so, state with particularity each and every contention made in this regard.

17.

If Defendant Wal-Mart has been a party to any personal injury lawsuit (other than this suit) please describe each such suit, specifying the nature of the case, the date of each such suit, the court in which it was brought, the county and state in which the case was filed, the names of other parties to each such suit and the ultimate disposition of each such suit, whether by judgment, settlement or otherwise.

18.

Please identify each person whom you expect to call as an expert witness at trial. State the subject matter on which such expert is expected to testify and state the substance of the facts and opinions to which the expert is expected to testify and the summary of the grounds of each opinion.

19.

If Defendant Wal-Mart has retained or employed an expert in anticipation of litigation or preparation for trial and expect to call such expert as a witness at trial, please identify and state specifically the name and address of each such expert.

20.

Did Defendant Wal-Mart or any person on said Defendant's behalf, after learning of the puddle of water, upon information and belief, that was severely hazardous take any action to remove or remedy the hazard, or to warn invitees of its presence?

21.

Please describe Plaintiff's incident, including any and all incidents and occurrences leading to Plaintiff's incident and/or puddle of water near the area where the subject incident occurred and Defendant Wal-Mart subsequent actions following Plaintiff's incident through and including the time when Plaintiff left the subject premises on May 12, 2020.

22.

State the name, address, employer, title and position of each person who was scheduled to work at the time of Plaintiff's incident and for each such person, state a brief description of their employment duties on said date; the employment relationship between said employee and Defendant Wal-Mart; a description of any training said employee had in preparation for said employment upon the premises where Plaintiff's incident occurred; whether said employee witnessed Plaintiff's incident; what said employee claims to have seen or heard at the time of, during, or after Plaintiff's incident; and whether said employee gave a statement, either oral or written, to Defendant Wal-Mart or any representative of said defendant regarding Plaintiff's incident.

23.

Describe all records that were made or kept which reflect the inspection, cleaning and maintenance of the premises complained of and in particular the subject area of the store, and for each such record, state the title or other identification of each such record, a description of the content of each such record, and the name, address or last known address, employer, title and position of each person having custody of such records.

24.

Please state in detail any policies and procedures concerning the inspection, cleaning or maintenance of the area where the subject incident occurred.

25.

Please state what action(s), performance and/or maintenance was required to correct and/or repair the area complained of.

26.

Please state the number of times the area of Plaintiff's incident was inspected prior to the Plaintiff's incident on or about May 12, 2020.

27.

State when the last time the area of Plaintiff's incident was inspected prior to Plaintiff's incident and identify (in accordance with Instruction Note D) who conducted such inspection.

28.

Have there ever been any complaints made about the area where this incident occurred? If so, please state the date(s) of each complaint, the person(s) making each complaint, the nature of each complaint, and any action taken as a result of each complaint.

29.

Were there any contracts or agreements with other individuals or entities regarding the maintenance, inspection or security of the property where the Plaintiffs incident occurred as described in the complaint? If so, state the identity of the contracting parties, the address and telephone number of the contracting parties, and the duties of the contracting parties.

30.

Please describe any inspection procedures utilized in regard to the area where this incident occurred.

31.

Please state whether Defendant Wal-Mart, as named in the Plaintiff's Complaint, is the correct party to defend this action, and identify (in accordance with Instruction Note D) any and all proper parties to defend this action.

32.

If Defendant Wal-Mart or anyone acting on its behalf has knowledge of Plaintiff's incident, please describe Plaintiff's incident, including all actions taken by Defendant Wal-Mart relevant to the area complained of for one hour before and after the Plaintiff's incident.

Respectfully submitted this _____ day of July, 2021.

**ALI AWAD LAW, P.C.**

/s/ Tim O. Henshaw
TIM O. HENSHAW
Georgia State Bar No. 846650
Attorney for Plaintiff

200 Peachtree Street NW
Suite 201
Atlanta, GA 30303
P: (833) 254-2923
F: (706) 528-5090
tim@aliawadlaw.com
Firm Contact: kevin.johnson3@usaa.com
litigation@aliawadlaw.com

## IN THE STATE COURT OF FORSYTH COUNTY

## STATE OF GEORGIA

MARSHAYLA HENDERSON,

      Plaintiff,

vs.

WAL-MART STORES, INC. d/b/a
WAL-MART STORE #494 and JOHN
DOE,

      Defendants.

CIVIL ACTION

FILE NO.:

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS
## TO DEFENDANT WAL-MART STORES, INC. d/b/a WAL-MART STORE #494

COMES NOW, Plaintiff in the above-styled civil action, and files this Request for Production of Documents to Defendant WAL-MART STORES, INC. d/b/a WAL-MART STORE #494 (hereinafter, "Wal-Mart") pursuant to O.C.G.A. Section 9-11-34. Defendant is required to comply with said Code section and produce a true and correct copy of each of the following documents to Plaintiff's attorney, Ali Awad Law, PC, Attn: Jason N. Slate, forty-five (45) days from the date of service.

## I. INSTRUCTIONS

Plaintiff requests that, along with the production of documents, a written response be made detailing the documents produced and any documents covered by these requests which Defendant Wal-Mart objects to producing.

**NOTE A:**    These requests are continuous and should be supplemented if additional information is received at a later date.

**NOTE B:**    When used in these requests, the phrase "Defendant", "individual in question", "you" or any synonym thereof are intended to and shall embrace and include, in addition

to Defendant Wal-Mart individually, its attorneys, agents, servants, employees, representatives, private investigators, insurance adjusters, and all others who are in possession of, in control of, or may have obtained information for or on behalf of said Defendant.

**NOTE C:**     If documents requested are not in Defendant Wal-Mart possession, please state as follows:

(1)     name of person who has possession or knowledge of whereabouts;

(2)     business address of such;

(3)     business telephone number of such.

**NOTE D:**     If you claim that a privilege applies to any document sought by this request, then state the factual and legal basis for the claimed privilege and identify the document (by date, author, recipient, general subject matter) so that it can be described in a motion to compel.

## II. REQUESTS FOR PRODUCTION OF DOCUMENTS

1.

Please produce any and all insurance policies providing coverage for the incident complained of in Plaintiff's Complaint.

2.

Please produce any and all statements taken from any persons who witnessed or claimed to have witnessed Plaintiff's incident.

3.

Please produce any and all statements, notes or memoranda of any statements from any persons having knowledge or claiming to have knowledge of Plaintiff's incident or Plaintiff's resulting injuries.

4.

Please produce any and all movies, videotapes or other photographs or other recordings of Plaintiff's incident and/or the scene of Plaintiff's incident, which were taken at any time prior, during or subsequent to Plaintiff's incident.

5.

Produce any e-mail, interoffice correspondence, memoranda, report, telephone log, message or other documents concerning Plaintiff.

6.

Please produce any and all documentation of any other personal injuries and trip and fall accidents at the Wal-Mart Stores located at 1025 Highway 34 East, Newnan, GA 30265 and owned by Defendant Wal-Mart (hereinafter, "the store").

7.

Please produce any and all guidelines, manuals, memoranda or other documents evidencing any policy or procedure concerning the inspection, cleaning or maintenance of the area where this incident occurred.

8.

Please produce any and all policy and procedure manuals given to the Defendants' employees regarding inspection, cleaning, and maintenance on the premises of the store.

9.

Please produce any and all documentation of Plaintiff's incident which is in Defendant Wal-Mart possession, including, but not limited to said Defendant's first notice of Plaintiff's incident.

10.

Please produce any and all reports, whether written or otherwise recorded, made by any

expert or experts who has been retained or otherwise employed by Defendant Wal-Mart in anticipation of litigation or preparation for trial in this action.

11.

Please produce all surveillance movies, photographs, recordings or other visual documentation which have been made of Plaintiff.

12.

Please produce any and all documents reflecting any change in procedure responsive to Plaintiff's Interrogatory No. 13.

13.

Please produce all records of inspection, cleaning and/or maintenance of the store for 24 hours prior to and subsequent to Plaintiff's incident and all documents responsive to Plaintiff's Interrogatory Nos. 26 and 27.

14.

Please produce any daily, weekly, monthly or annual inspection reports or audits or any other inspection, cleaning and/or maintenance reports for the area where this incident occurred for the past five years.

15.

Please produce any documents obtained through third party requests and subpoenas.

16.

Please produce all documents identifying Defendant Wal-Mart employees on the premises of the store for the day of the incident and the one-week periods prior to and subsequent to the incident.

17.

Please produce any correspondence, memoranda, report, record or other documents concerning, referencing or depicting any complaints identified in response to Interrogatory No. 28.

18.

Please produce any maps, schematics, diagrams, drawings or other similar documents showing the layout of the area where the subject incident occurred.

19.

Produce any and all leases or contracts with outside contractors or agencies for performance of maintenance services in the area where Plaintiff's incident occurred.

20.

Please produce any invoices, records, proposals, work orders, maintenance records or other documents for work performed in the area where this incident occurred in the last five years.

21.

Please produce all surveillance movies, photographs, recordings or other visual documentation which have been made of the area of Plaintiff's incident on or about May 12, 2020.

22.

Please produce any and all documents, evidence of writing, or any other tangible thing which Defendant Wal-Mart or anyone on said Defendant's behalf referred to in any form or fashion in answering or attempting to answer Plaintiff's First Interrogatories to Defendant Wal-Mart.

*Signature on following page*

Respectfully submitted this _____ day of July, 2021.

**ALI AWAD LAW, P.C.**

/s/ Tim O. Henshaw
TIM O. HENSHAW
Georgia State Bar No. 835848
Attorney for Plaintiff

200 Peachtree Street NW
Suite 201
Atlanta, GA 30303
P: (833) 254-2923
F: (706) 528-5090
tim@aliawadlaw.com
Firm Contact:
litigation@aliawadlaw.com

## IN THE STATE COURT OF FORSYTH COUNTY

## STATE OF GEORGIA

MARSHAYLA HENDERSON,

       Plaintiff,

vs.

WAL-MART STORES, INC. d/b/a
WAL-MART STORE #494 and JOHN
DOE,

       Defendants.

CIVIL ACTION

FILE NO.:

### PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO
### DEFENDANT WAL-MART STORES, INC. d/b/a WAL-MART STORE #494

In compliance with O.C.G.A. § 9-11-36, the Defendant WAL-MART STORES, INC. d/b/a WAL-MART STORE #494  (hereinafter, "Wal-Mart"), is required to admit the truth of the separately listed matters of fact, and the genuineness of the attached documents forty-five (45) days after service of this request.  As required by statute, Defendant Wal-Mart is required to respond to this request in writing.

Defendant Wal-Mart is specifically reminded that the separately listed statements of facts are deemed admitted unless, within forty-five (45) days after service of this First Request for Admissions to Defendant Wal-Mart, said Defendant serves a written answer, or objection, addressed to each fact.

This request for admissions is subject to and is deemed to include and incorporate the following definitions:

### I.  DEFINITIONS

1.     As used herein, the word "document" shall mean, in addition to its common meaning, the original and all copies of any writing or record of every type and description, however produced

or reproduced, including, but without limitation, correspondence, contracts, proposals, memoranda, tapes, stenographic or handwritten notes, studies, publications, minutes, books, pamphlets, pictures, drawings, photographs, films, microfilms, voice or sound recordings, magnetic recordings, maps, reports, surveys, statistical compilations, tax returns, financial statements, accounting or other financial papers, invoices, receipts, checks, check stubs, accounts, deposit slips, ledgers, calendars, diaries, appointment books, time-keeping records, computer or electronic mail message ("e-mail"), and expense account records.

2.      The word "person" means any individual, partnership, corporation, division, firm, business or other entity.

3.      As used herein, the phrases "relating to" and "relate to" shall be construed in their broadest sense and shall mean describing, setting forth, discussing, mentioning, commenting upon, supporting, contradicting, or referring to the subject or topic in question, whether in whole or in part.

4.      As used herein, the phrase "refer to" and "reference" shall be construed in their broadest sense and shall mean describing, setting forth, discussing, mentioning, commenting upon, supporting, contradicting, or referring to the subject or topic in question, whether in whole or in part.

5.      As used herein, the word "all" shall be deemed to include and encompass the words "each," "every" and "any."

6.      With regard to the terms defined herein, all terms in the singular shall include the plural, and all terms used in the plural shall include the singular.

7.      The conjunction "and/or" shall be interpreted in every instance both conjunctively and disjunctively.

8.      As used herein, the phrase "the store" means the premises on which Plaintiff's subject incident occurred, specifically the premises located at 5455 Atlanta Hwy, Alpharetta, GA  30004 and owned by Defendant Wal-Mart.

## II.  ADMISSIONS

### 1.

On or about May 12, 2020, Defendant Wal-Mart was on notice that a hazardous puddle of water was present in the store.

### 2.

Defendant Wal-Mart should have warned invitees of the hazardous puddle of water which was present in the area where the subject incident occurred on May 12, 2020.

### 3.

Defendant Wal-Mart negligently failed to warn its invitees of the hazardous condition which was present on the premises complained of in Plaintiff's Complaint.

### 4.

Defendant Wal-Mart failed to properly maintain the area where Plaintiff's incident occurred so as to be safe for invitees.

### 5.

Defendant Wal-Mart failed to inspect the area where Plaintiff's incident occurred for at least fifteen minutes prior to the Plaintiff's incident.

### 6.

An employee of Defendant Wal-Mart caused the presence of the hazardous puddle of water in the area where Plaintiff's incident occurred.

7.

Defendant Wal-Mart negligently failed to properly train its employees concerning safety procedures and inspecting, cleaning, and maintaining the premises.

8.

Defendant Wal-Mart negligently failed to adopt or enforce safety policies and procedures to protect invitees from hazardous conditions such as those which caused Plaintiff's incident on May 12, 2020.

9.

On or about May 12, 2020, Plaintiff's fall was directly caused by the presence of a hazardous puddle of water.

10.

The Plaintiff's incident was not the fault of any person not a party to this lawsuit.

11.

The Plaintiff did not contribute to causing the incident in any manner.

12.

The incident which gives rise to this suit was directly caused by the joint negligence of Defendants.

13.

The incident which gives rise to this suit was directly caused by the negligence of this Defendant.

14.

The Plaintiff sustained injuries as a direct result of the incident which occurred on or about May 12, 2020.

15.

The Plaintiff experienced pain and suffering as a direct result of the incident which occurred on or about May 12, 2020.

16.

The Plaintiff is entitled to recover damages from Defendant Wal-Mart for her personal injuries.

17.

The Plaintiff is entitled to recover from Defendant Wal-Mart for her reasonable and necessary medical expenses and lost wages.

18.

The Plaintiff's medical expenses and lost wages itemized in her Complaint and served contemporaneously with these requests are reasonable and necessary.

19.

Defendant Wal-Mart has been properly served with process in this action.

20.

Defendant Wal-Mart is subject to the jurisdiction and venue of this court.

Respectfully submitted this _____ day of July, 2021.

**ALI AWAD LAW, P.C.**

/s/ Tim O. Henshaw
TIM O. HENSHAW
Georgia State Bar No. 835848
Attorney for Plaintiff

200 Peachtree Street NW
Suite 201
Atlanta, GA 30303
P: (833) 254-2923
F: (706) 528-5090
tim@aliawadlaw.com
Firm Contact:
litigation@aliawadlaw.com

FORSYTH COUNTY, GEORGIA
FILED IN THIS OFFICE
7/29/2021 5:58 PM
GREG G. ALLEN
CLERK OF THE STATE COURTS
21SC-1104-A
Abernathy-Maddox, Leslie

**General Civil and Domestic Relations Case Filing Information Form**

☐ Superior or ☑ State Court of  FORSYTH _____ County

| For Clerk Use Only |
|---|
| **Date Filed** _____     **Case Number** _____ |
| **MM-DD-YYYY** |

**Plaintiff(s)**
HENDERSON, MARSHAYLA

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|
| | | | | |

**Defendant(s)**
WALMART, INC d/b/a WAL-MART STORE #494

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|
| DOE, JOHN | | | | |
| | | | | |
| | | | | |

**Plaintiff's Attorney** JASON N. SLATE    **Bar Number** 846650    **Self-Represented** ☐

### Check One Case Type in One Box

**General Civil Cases**
- ☐ Automobile Tort
- ☐ Civil Appeal
- ☐ Contract
- ☐ Garnishment
- ☑ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☐ Other General Civil

**Domestic Relations Cases**
- ☐ Adoption
- ☐ Dissolution/Divorce/Separate Maintenance
- ☐ Family Violence Petition
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

**Post-Judgment – Check One Case Type**
- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Modification
- ☐ Other/Administrative

☐ Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

_____ **Case Number**     _____ **Case Number**

☑ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐ Is an interpreter needed in this case? If so, provide the language(s) required. _____
                                               **Language(s) Required**

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.
_____
_____

Version 1.1.18

FORSYTH COUNTY, GEORGIA
FILED IN THIS OFFICE
8/30/2021 1:12 PM
GREG G. ALLEN
CLERK OF THE STATE COURTS
21SC-1104-A
Abernathy-Maddox, Leslie

IN THE STATE COURT OF FORSYTH COUNTY
STATE OF GEORGIA

MARSHAYLA HENDERSON,

        Plaintiff,

v.

WAL-MART STORES INC.
d/b/a WAL-MART STORE #494,
and JOHN DOE,

        Defendants.

_____/

Civil Action File No.
21SC-1104-A

### **ANSWER OF DEFENDANT**

COMES NOW, Defendant WAL-MART STORES, INC., erroneously named as d/b/a Wal-Mart Store #494, and makes this Answer to Plaintiff's Complaint as follows:

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim against Defendant upon which relief can be granted.

### SECOND DEFENSE

Plaintiff's alleged damages, if any, were directly and proximately caused by Plaintiff's own contributory negligence and failure to exercise ordinary care.

## THIRD DEFENSE

Plaintiff was not in the exercise of ordinary care for her own safety in the premises, and by the exercise of ordinary care could have avoided any injury to herself; and on account thereof, Plaintiff is not entitled to recover from Defendant.

## FOURTH DEFENSE

Defendant denies that it was negligent in any manner whatsoever or that any negligent act or omission on its part caused or contributed to any injury or damage alleged to have been sustained by Plaintiff.

## FIFTH DEFENSE

Plaintiff assumed the risk of any hazard that was presented and is thereby barred from recovering against Defendant.

## SIXTH DEFENSE

Defendant responds to the enumerated paragraphs of Plaintiff's Complaint as follows:

1.

Defendant lacks sufficient knowledge and information to either admit or deny the allegations contained in paragraph 1 of Plaintiff's Complaint.

2.

Defendant denies, as stated, the allegations contained in paragraph 2 of the

Plaintiff's Complaint.

3.

Defendant denies, as stated, the allegations contained in paragraph 3 of the Plaintiff's Complaint.

4.

Defendant admits the allegations contained in paragraph 4 of the Plaintiff's Complaint, at this time only.

5.

Defendant lacks sufficient knowledge and information to either admit or deny the allegations contained in paragraph 5 of Plaintiff's Complaint.

6.

Defendant denies the allegations contained in paragraph 6 of the Plaintiff's Complaint.

7.

Defendant denies, as stated, the allegations contained in paragraph 7 of the Plaintiff's Complaint.

8.

Defendant denies the allegations contained in paragraph 8 of Plaintiff's Complaint.   To the best of Defendant's knowledge and belief, Plaintiff's incident

occurred in Store #3461, located at 2717 Highway 54, Peachtree City, Georgia, 30269, on May 12, 2020.   Defendant admits it operated Store #3461 on May 12, 2020, the date of Plaintiff's alleged incident. Defendant denies the remaining allegations in paragraph 8 of the Plaintiff's Complaint.

9.

Defendant denies the allegations contained in paragraph 9 of the Plaintiff's Complaint.

10.

Defendant re-alleges and incorporates Paragraphs 1 through 9 above as if fully set forth, herein.

11.

Defendant denies the allegations contained in paragraph 11 of the Plaintiff's Complaint, as stated.

12.

Defendant denies the allegations contained in paragraph 12 of the Plaintiff's Complaint.

13.

Defendant denies the allegations contained in paragraph 13 of the Plaintiff's Complaint.

14.

Defendant denies the allegations contained in paragraph 14 of the Plaintiff's Complaint.

15.

Defendant denies the allegations contained in paragraph 15 of the Plaintiff's Complaint.

16.

Defendant denies the allegations contained in paragraph 16 of the Plaintiff's Complaint.

17.

Defendant denies the allegations contained in paragraph 17 of the Plaintiff's Complaint.

18.

Defendant re-alleges and incorporates Paragraphs 1 through 17 above as if fully set forth, herein.

19.

Defendant denies the allegations contained in paragraph 19 of the Plaintiff's Complaint.

20.

Defendant denies the allegations contained in paragraph 20 of the Plaintiff's Complaint.

21.

Defendant denies the allegations contained in paragraph 21 of the Plaintiff's Complaint.

22.

Defendant re-alleges and incorporates Paragraphs 1 through 21 above as if fully set forth, herein.

22. (Second)

Defendant denies the allegations contained in paragraph 22 (Second) of the Plaintiff's Complaint.

23.

Defendant denies the allegations contained in paragraph 23 of the Plaintiff's Complaint.

24.

Defendant denies the allegations contained in paragraph 24 of the Plaintiff's Complaint.

25.

Defendant denies the allegations contained in paragraph 25 of the Plaintiff's

Complaint.

26.

All other allegations contained in the Complaint which are not specifically responded to herein, are, therefore, denied.

Defendant denies Plaintiff's prayer for relief, including all subparts thereof, (a) – (d).

WHEREFORE, Defendant prays that Plaintiff's Complaint be dismissed with all costs cast upon the Plaintiff. DEFENDANT DEMANDS TRIAL BY A JURY OF TWELVE (12) PERSONS AS TO ALL ISSUES SO TRIABLE.

This 30th day of August, 2021.

McLAIN & MERRITT, P.C.

/s/ Jennie E. Rogers
Jennie E. Rogers
Georgia Bar No.  612725
Attorneys for Defendant
WAL-MART STORES, INC.

3445 Peachtree Road, N.E., Suite 500
Atlanta GA   30326
(404) 365-4576
(404) 364-3138 (fax)
jrogers@mmatllaw.com

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the above and foregoing **ANSWER OF**

**DEFENDANT WAL-MART STORES, INC.** has this day been filed and served

upon opposing counsel via Odyssey eFileGA.

This the 24th day of August, 2021.

McLAIN & MERRITT, P.C.


   _/s/ Jennie E. Rogers_
Jennie E. Rogers
Georgia Bar No.  612725
Attorneys for Defendant
WAL-MART STORES, INC.


3445 Peachtree Road, N.E., Suite 500
Atlanta GA   30326
(404) 365-4576
(404) 364-3138 (fax)
jrogers@mmatllaw.com

FORSYTH COUNTY, GEORGIA
FILED IN THIS OFFICE
8/30/2021 1:12 PM
GREG G. ALLEN
CLERK OF THE STATE COURTS
21SC-1104-A
Abernathy-Maddox, Leslie

IN THE STATE COURT OF FORSYTH COUNTY
STATE OF GEORGIA

MARSHAYLA HENDERSON,                          Civil Action File No.
                                              21SC-1104-A
              Plaintiff,

v.

WAL-MART STORES INC.
d/b/a WAL-MART STORE #494,
and JOHN DOE,

              Defendants.

_____/

## NOTICE OF TAKING DEPOSITION

YOU ARE HEREBY notified that beginning on the 30th day of November, 2021, commencing at 11:00 a.m., at the offices of Ali Awad Law, P.C., 200 Peachtree Street, Ste. 201, Atlanta, GA, the deposition will be taken of Marshayla Henderson. Said deposition will be taken for purposes of discovery and all other purposes provided by law before an officer duly authorized to administer oaths. The deposition shall continue from day-to-day until completion. This deposition may also be videotaped by a videographer.

This the 30th day of August, 2021.

McLAIN & MERRITT, P.C.

_____
Jennie E. Rogers
Georgia Bar No.  612725
Attorneys for Defendant
WAL-MART STORES, INC.

3445 Peachtree Road, N.E., Suite 500
Atlanta GA   30326
(404) 365-4576
(404) 364-3138 (fax)
jrogers@mmatllaw.com

## CERTIFICATE OF SERVICE

I hereby certify that I have this date served a copy of the within and foregoing **NOTICE OF TAKING DEPOSITION** has this day been filed and served upon opposing counsel via Odyssey eFileGA.

This the 30th day of August, 2021.

McLAIN & MERRITT, P.C.


*/s/ Jennie E. Rogers*
Jennie E. Rogers
Georgia Bar No.  612725
Attorneys for Defendant
WAL-MART STORES, INC.

3445 Peachtree Road, N.E., Suite 500
Atlanta GA   30326
(404) 365-4576
(404) 364-3138 (fax)
jrogers@mmatllaw.com

FORSYTH COUNTY, GEORGIA
FILED IN THIS OFFICE
8/30/2021 1:12 PM
GREG G. ALLEN
CLERK OF THE STATE COURTS
21SC-1104-A
Abernathy-Maddox, Leslie

IN THE STATE COURT OF FORSYTH COUNTY
STATE OF GEORGIA

MARSHAYLA HENDERSON,                              Civil Action File No.
                                                  21SC-1104-A
          Plaintiff,

v.

WAL-MART STORES INC.
d/b/a WAL-MART STORE #494,
and JOHN DOE,

          Defendants.

_____/

**12-PERSON JURY DEMAND**

COMES NOW Defendant, WAL-MART STORES, INC. and demands a trial

by a jury of twelve (12) persons.

This the <u>30th</u> day of August, 2021.

McLAIN & MERRITT, P.C.

/s/ Jennie E. Rogers
Jennie E. Rogers
Georgia Bar No.  612725
Attorney for Defendant
WAL-MART STORES, INC.

3445 Peachtree Road, N.E., Suite 500
Atlanta GA   30326
(404) 365-4576
(404) 364-3138 (fax)
jrogers@mmatllaw.com

## CERTIFICATE OF SERVICE

I hereby certify that I have this date served a copy of the within and foregoing **12-PERSON JURY DEMAND** has this day been filed and served upon opposing counsel via Odyssey eFileGA.

This the 30th day of August, 2021.

McLAIN & MERRITT, P.C.

_/s/ Jennie E. Rogers_
Jennie E. Rogers
Georgia Bar No.  612725
Attorneys for Defendant
WAL-MART STORES, INC.

3445 Peachtree Road, N.E., Suite 500
Atlanta GA   30326
(404) 365-4576
(404) 364-3138 (fax)
jrogers@mmatllaw.com

FORSYTH COUNTY, GEORGIA
FILED IN THIS OFFICE
8/30/2021 1:12 PM
GREG G. ALLEN
CLERK OF THE STATE COURTS
21SC-1104-A
Abernathy-Maddox, Leslie

IN THE STATE COURT OF FORSYTH COUNTY
STATE OF GEORGIA

MARSHAYLA HENDERSON,                                Civil Action File No.
                                                    21SC-1104-A
            Plaintiff,

v.

WAL-MART STORES INC.
d/b/a WAL-MART STORE #494,
and JOHN DOE,

            Defendants.
_____/

### CERTIFICATE REGARDING DISCOVERY

Pursuant to Uniform State Court Rule 5.2, as amended, the undersigned hereby certifies that the following discovery has been served upon all persons identified in the Certificate of Service attached hereto and incorporated herein by reference:

1) REQUEST FOR ADMISSIONS TO PLAINTIFF
2) DEFENDANT'S ANSWERS TO REQUEST FOR ADMISSIONS
3) INTERROGATORIES AND REQUEST FOR PRODUCTION TO PLAINTIFF

McLAIN & MERRITT, P.C.


Jennie E. Rogers
Georgia Bar No. 612725
Attorneys for Defendant
WAL-MART STORES, INC.

3445 Peachtree Road, N.E., Suite 500
Atlanta GA   30326
(404) 365-4576
(404) 364-3138 (fax)
jrogers@mmatllaw.com

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the above and foregoing **CERTIFICATE REGARDING DISCOVERY** has this day been filed and served upon opposing counsel via Odyssey eFileGA.

This the 30th day of August, 2021.

McLAIN & MERRITT, P.C.

_/s/ Jennie E. Rogers_
Jennie E. Rogers
Georgia Bar No.  612725
Attorneys for Defendant
WAL-MART STORES, INC.

3445 Peachtree Road, N.E., Suite 500
Atlanta GA   30326
(404) 365-4576
(404) 364-3138 (fax)
jrogers@mmatllaw.com

FORSYTH COUNTY, GEORGIA
FILED IN THIS OFFICE
9/16/2021 9:46 AM
GREG G. ALLEN
CLERK OF THE STATE COURTS
21SC-1104-A
Abernathy-Maddox, Leslie

## IN THE STATE COURT OF FORSYTH COUNTY
## STATE OF GEORGIA

MARSHAYLA HENDERSON,

       Plaintiff,

v.

WAL-MART STORES INC.
d/b/a WAL-MART STORE #494,
and JOHN DOE,

       Defendants.

_____/

Civil Action File No.
21SC-1104-A

## <u>CERTIFICATE REGARDING DISCOVERY</u>

Pursuant to Uniform State Court Rule 5.2, as amended, the undersigned hereby certifies that the following discovery has been served upon all persons identified in the Certificate of Service attached hereto and incorporated herein by reference:

1. **<u>DEFENDANT WAL-MART STORES INC.'S ANSWERS TO PLAINTIFF'S FIRST INTERROGATORIES</u>**

2. **<u>DEFENDANT WAL-MART STORES INC.'S RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS</u>**

(SIGNATURE ON FOLLOWING PAGE)

This the 16th day of September, 2021.

McLAIN & MERRITT, P.C.

Jennie E. Rogers
Georgia Bar No. 612725
Attorney for Defendant
WAL-MART STORES INC.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing **CERTIFICATE REGARDING DISCOVERY** has this day been filed and served upon opposing counsel via Odyssey eFileGA.

This the 16th day of September, 2021.

McLAIN & MERRITT, P.C.

_____
Jennie E. Rogers
Georgia Bar No. 612725
Attorney for Defendant
WAL-MART STORES INC.

3445 Peachtree Road, N.E., Suite 500
Atlanta, GA  30326
(404) 365-4576
(404) 364-3138 (fax)
jrogers@mmatllaw.com

IN THE STATE COURT OF FORSYTH COUNTY
STATE OF GEORGIA

MARSHAYLA HENDERSON,                )
                                    )
            Plaintiff,              )
                                    )
      vs.                           )      Civil Action No. 21SC-1104-A
                                    )
WAL-MART STORES INC. d/b/a WAL-MART )
STORE #494, and JOHN DOE,           )
                                    )
            Defendants.

**PLAINTIFF'S RULE 5.2 CERTIFICATE OF SERVICE OF DISCOVERY**

Pursuant to State Court Rule 5.2, the undersigned hereby certifies that on this date, Plaintiff Marshayla Henderson, served copies of the following pleadings:  **Plaintiff Marshayla Henderson's Responses to Defendant Wal-Mart's Interrogatories, Request for Production of Documents and Request for Admissions** by emailing same to counsel of record in accordance with the Georgia Civil Practice Act:

Jennie E. Rogers
Mclain & Merritt, P.C.
3445 Peachtree Road, N.E.,
Suite 500
Atlanta GA  30326

This the 29th day of September, 2021.

ALI AWAD LAW, P.C.

/s/ Tim O. Henshaw, Esq.
TIM O. HENSHAW
State Bar No. 835848
Attorney for Plaintiff

200 Peachtree Street NW
Suite 201
Atlanta, GA 30303
P: (833) 254-2923
F: (706) 528-5090
Tim@aliawadlaw.com

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this day served counsel for opposing parties in the foregoing matter with a copy of the foregoing PLAINTIFF'S RESPONSES TO DEFENDANTS' FIRST REQUESTS FOR ADMISSIONS TO PLAINTIFF MARSHAYLA HENDERSON by placing a true and correct copy in the United States Mail in an envelope with sufficient postage affixed thereon to ensure delivery to:

Jennie E. Rogers
Mclain & Merritt, P.C.
3445 Peachtree Road, N.E.,
Suite 500
Atlanta GA  30326

This the <u>29th</u> day of September, 2021.

**ALI AWAD LAW, P.C.**

/s/ Tim O. Henshaw, Esq.
TIM O. HENSHAW
State Bar No. 835848
Attorney for Plaintiff

200 Peachtree Street NW
Suite 201
Atlanta, GA 30303
P: (833) 254-2923
F: (706) 528-5090

FORSYTH COUNTY, GEORGIA
FILED IN THIS OFFICE
11/24/2021 3:21 PM
GREG G. ALLEN
CLERK OF THE STATE COURTS
21SC-1104-A
Abernathy-Maddox, Leslie

# IN THE STATE COURT OF FORSYTH COUNTY
## STATE OF GEORGIA

MARSHAYLA HENDERSON,                              Civil Action File No.
                                                 21SC-1104-A
     Plaintiff,

v.

WAL-MART STORES INC.
d/b/a WAL-MART STORE #494,
and JOHN DOE,

     Defendants.

_____/

## AMENDED NOTICE OF TAKING DEPOSITION

YOU ARE HEREBY notified that beginning on the 26th day of January, 2022,

commencing at 11:00 a.m., at the offices of Ali Awad Law, P.C., 200 Peachtree

Street, Suite 201, Atlanta, GA, the deposition will be taken of Marshayla

Henderson. Said deposition will be taken for purposes of discovery and all other

purposes provided by law before an officer duly authorized to administer oaths.

The deposition shall continue from day-to-day until completion. This deposition

may also be videotaped by a videographer.

                      McLAIN & MERRITT, P.C.


                      */s/ Jennie E. Rogers*
                      Jennie E. Rogers
                      Georgia Bar No. 612725
                      Attorney for Defendant
                      WAL-MART STORES INC.

3445 Peachtree Road, N.E., Suite 500
Atlanta GA  30326
(404) 365-4576
(404) 364-3138 (fax)
jrogers@mmatllaw.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the above and foregoing **AMENDED**

**NOTICE OF TAKING DEPOSITION** has this day been filed and served upon

opposing counsel via Odyssey eFileGA.

This the <u>24</u><u>th</u> day of November, 2021.

McLAIN & MERRITT, P.C.


*/s/ Jennie E. Rogers*
Jennie E. Rogers
Georgia Bar No. 612725
Attorney for Defendant
WAL-MART STORES INC.


3445 Peachtree Road, N.E., Suite 500
Atlanta GA  30326
(404) 365-4514
(404) 364-3138 (fax)
jrogers@mmatllaw.com

FORSYTH COUNTY, GEORGIA
FILED IN THIS OFFICE
12/8/2021 2:43 PM
GREG G. ALLEN
CLERK OF THE STATE COURTS
21SC-1104-A
Abernathy-Maddox, Leslie

## IN THE STATE COURT OF FORSYTH COUNTY
## STATE OF GEORGIA

MARSHAYLA HENDERSON,

       Plaintiff,

v.

WAL-MART STORES, INC. d/b/a WAL-
MART STORE #494, AND JOHN DOE,

       Defendant.

CIVIL ACTION
FILE NO.: 21SC-1104-A

## NOTICE TO TAKE VIDEO DEPOSITION OF CHRISTIE DOYLE

PLEASE TAKE NOTICE that at **11:00 a.m. (EST) on Wednesday, January 26, 2022,** counsel for the plaintiff will depose **Christie Doyle** at the office of Ali Awad Law, P.C. at 200 Peachtree Street NW, Suite 201, Atlanta GA 30303**.** The deposition will be taken via video for the purpose of discovery upon oral examination before an officer authorized by law to administer oaths for the purposes of discovery and any other purpose allowed under the Georgia Civil Practice Act.

This 8th day of December, 2021.

       **ALI AWAD LAW, P.C.**

       /s/ Tim O. Henshaw
       TIM O. HENSHAW
       Georgia Bar No. 835848
       Attorney for

200 Peachtree Street NW
Suite 201
Atlanta, GA 30303
P: (833) 254-2923
F: (706) 528-5090
tim@aliawadlaw.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this day served the within and foregoing NOTICE TO TAKE VIDEO DEPOSITION upon opposing counsel of record by placing a true and correct copy of the same in the United States mail in an envelope with sufficient postage affixed thereto to ensure delivery upon the following recipients:

Jennie E. Rogers
Mclain & Merritt, P.C.
3445 Peachtree Road, N.E.,
Suite 500
Atlanta GA  30326

This 8<u>th</u> day of December, 2021.

**ALI AWAD LAW, P.C.**

/s/ Tim O. Henshaw
TIM O. HENSHAW
Georgia Bar No. 835848
Attorney for Plaintiff

200 Peachtree Street NW
Suite 201
Atlanta, GA 30303
P: (833) 254-2923
F: (706) 528-5090
tim@aliawadlaw.com

FORSYTH COUNTY, GEORGIA
FILED IN THIS OFFICE
12/8/2021 2:43 PM
GREG G. ALLEN
CLERK OF THE STATE COURTS
21SC-1104-A
Abernathy-Maddox, Leslie

## IN THE STATE COURT OF FORSYTH COUNTY
## STATE OF GEORGIA

MARSHAYLA HENDERSON,

                    Plaintiff,

v.

WAL-MART STORES, INC. d/b/a WAL-
MART STORE #494, AND JOHN DOE,

                    Defendant.

CIVIL ACTION
FILE NO.: 21SC-1104-A

## NOTICE TO TAKE VIDEO DEPOSITION OF DNITA MOSELY

PLEASE TAKE NOTICE that at **11:00 a.m. (EST) on Wednesday, January 26, 2022,** counsel for the plaintiff will depose **Dnita Mosely** at the office of Ali Awad Law, P.C. at 200 Peachtree Street NW, Suite 201, Atlanta GA 30303**.** The deposition will be taken via video for the purpose of discovery upon oral examination before an officer authorized by law to administer oaths for the purposes of discovery and any other purpose allowed under the Georgia Civil Practice Act.

This 8th day of December, 2021.

                    **ALI AWAD LAW, P.C.**

                    /s/ Tim O. Henshaw
                    TIM O. HENSHAW
                    Georgia Bar No. 835848
                    Attorney for

200 Peachtree Street NW
Suite 201
Atlanta, GA 30303
P: (833) 254-2923
F: (706) 528-5090
tim@aliawadlaw.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this day served the within and foregoing NOTICE TO TAKE VIDEO DEPOSITION upon opposing counsel of record by placing a true and correct copy of the same in the United States mail in an envelope with sufficient postage affixed thereto to ensure delivery upon the following recipients:

Jennie E. Rogers
Mclain & Merritt, P.C.
3445 Peachtree Road, N.E.,
Suite 500
Atlanta GA  30326

This 8th day of December, 2021.

**ALI AWAD LAW, P.C.**

/s/ Tim O. Henshaw
TIM O. HENSHAW
Georgia Bar No. 835848
Attorney for Plaintiff

200 Peachtree Street NW
Suite 201
Atlanta, GA 30303
P: (833) 254-2923
F: (706) 528-5090
tim@aliawadlaw.com

FORSYTH COUNTY, GEORGIA
FILED IN THIS OFFICE
12/8/2021 2:43 PM
GREG G. ALLEN
CLERK OF THE STATE COURTS
21SC-1104-A
Abernathy-Maddox, Leslie

## IN THE STATE COURT OF FORSYTH COUNTY
## STATE OF GEORGIA

MARSHAYLA HENDERSON,

                            Plaintiff,

v.

WAL-MART STORES, INC. d/b/a WAL-MART STORE #494, AND JOHN DOE,

                            Defendant.

CIVIL ACTION
FILE NO.: 21SC-1104-A

## NOTICE TO TAKE VIDEO DEPOSITION OF JUSTIN JACKSON

PLEASE TAKE NOTICE that at **11:00 a.m. (EST) on Wednesday, January 26, 2022,** counsel for the plaintiff will depose **Justin Jackson** at the office of Ali Awad Law, P.C. at 200 Peachtree Street NW, Suite 201, Atlanta GA 30303**.** The deposition will be taken via video for the purpose of discovery upon oral examination before an officer authorized by law to administer oaths for the purposes of discovery and any other purpose allowed under the Georgia Civil Practice Act.

This 8th day of December, 2021.

                            **ALI AWAD LAW, P.C.**

                            /s/ Tim O. Henshaw
                            TIM O. HENSHAW
                            Georgia Bar No. 835848
                            Attorney for

200 Peachtree Street NW
Suite 201
Atlanta, GA 30303
P: (833) 254-2923
F: (706) 528-5090
tim@aliawadlaw.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this day served the within and foregoing NOTICE TO TAKE VIDEO DEPOSITION upon opposing counsel of record by placing a true and correct copy of the same in the United States mail in an envelope with sufficient postage affixed thereto to ensure delivery upon the following recipients:

Jennie E. Rogers
Mclain & Merritt, P.C.
3445 Peachtree Road, N.E.,
Suite 500
Atlanta GA  30326

This 8<u>th</u> day of December, 2021.

**ALI AWAD LAW, P.C.**

<u>/s/ Tim O. Henshaw</u>
TIM O. HENSHAW
Georgia Bar No. 835848
Attorney for Plaintiff

200 Peachtree Street NW
Suite 201
Atlanta, GA 30303
P: (833) 254-2923
F: (706) 528-5090
tim@aliawadlaw.com

### IN THE STATE COURT OF FORSYTH COUNTY
### STATE OF GEORGIA

MARSHAYLA HENDERSON,                    Civil Action File No.
                                              21SC-1104-A

      Plaintiff,

v.

WAL-MART STORES INC.
d/b/a WAL-MART STORE #494,
and JOHN DOE,

      Defendants.

_____/

### CONSENT PROTECTIVE ORDER

By agreement of the parties, and for good cause, the Court finds that a protective order should be entered pursuant to O.C.G.A. §9-11-26 and to O.C.G.A. § 10-1-761(4) for the purpose of protecting commercial and confidential information and trade secrets of Defendant Wal-Mart Stores, Inc. (hereinafter "Defendant") and of all other Wal-Mart entities.

1.

This protective order shall apply to documents and to other things marked "CONFIDENTIAL" by Defendant prior to production in this matter, as well as to the testimony of Defendant's corporate representative concerning same.

2.

All such documents, things, and testimony produced by Defendant pursuant to paragraph 1 above shall be used only in the course of the above-

captioned proceedings.  All such documents, things, and testimony produced by Defendant pursuant to paragraph 1 shall not be used, or provided for use, in any other litigation or proceedings; and shall not be published (orally, electronically, or by any other means) to any person, except as designated herein.

3.

Any counsel of record in this action may disclose protected materials and information to their employees to whom it is necessary that the material be disclosed for purposes of this litigation. The counsel making such a disclosure must ensure that the individual has read a copy of this Protective Order and agrees to be bound by its provisions.

4.

Before receiving access to any materials or information within the scope of this Order, any person not employed by a party or its counsel shall execute a "Written Assurance" in the form contained in Exhibit A, attached hereto.  All parties and their respective counsel who permit access to Protected Documents to such a person shall retain each such executed "Written Assurance" and shall keep a list identifying all persons described in this paragraph to whom protected documents have been disclosed.

5.

Any party contesting whether or not a document or thing should be

marked "CONFIDENTIAL" will notify Defendant, via its counsel, in writing and specifically identify which document he/she contends should not be marked "CONFIDENTIAL."   The parties then will have seven (7) business days after receipt of the aforementioned notification to resolve the dispute without Court intervention. If the parties are not able to resolve the dispute within seven (7) business days, the party contesting the "CONFIDENTIAL" designation shall submit the document or thing, under seal, to the Court for an in-camera inspection and final decision as to whether or not the document should remain "CONFIDENTIAL."

6.

Each party agrees that before filing with the Clerk of Court any paper (including, without limitation, an affidavit, memorandum, or motion) that discloses, directly or indirectly, all or part of any document or thing described in paragraph 1 above, such paper shall be filed under seal and labeled "CONFIDENTIAL."

7.

Upon conclusion of this action, counsel for all parties shall return to counsel for Defendant, at Defendant's expense, the original and all copies made of such documents and materials described in paragraph 1 above.

8.

After the final termination of this action, the restrictions on communication and disclosure provided for herein shall continue to be binding upon the parties and all other persons to whom documents designated as confidential or information contained therein have been communicated or disclosed pursuant to this Order or to any other order of this Court.

9.

It is understood that if any person knowingly violates this Protective Order, said person shall pay such penalties to Defendant as the Court deems appropriate, including any attorneys' fees or expenses associated with the prosecution of said violation, and any other sanctions that the Court finds appropriate under the circumstances.

SO ORDERED this _____ day of _____, 2022.

_____
Honorable Leslie Abernathy-Maddox
Judge, State Court of Forsyth County


*/s/ Tim O. Henshaw*
Tim O. Henshaw
Georgia Bar No. 835848
Ali Awad Law, P.C.
200 Peachtree Street, Suite 201
Atlanta, Ga 30303
(833) 254-2923
tim@aliawadlaw.com

*/s/ Jennie E. Rogers*
Jennie E. Rogers
Georgia Bar No. 612725
Attorney for Defendant
3445 Peachtree Road, N.E., Suite 500
Atlanta, GA  30326-3240
(404) 365-4576
jrogers@mmatllaw.com

**EXHIBIT "A"**
**IN THE STATE COURT OF FORSYTH COUNTY**
**STATE OF GEORGIA**

MARSHAYLA HENDERSON,                              Civil Action File No.
                                                 21SC-1104-A

      Plaintiff,

v.

WAL-MART STORES INC.
d/b/a WAL-MART STORE #494,
and JOHN DOE,

      Defendants.

_____/

<u>WRITTEN ASSURANCE</u>

      AFFIDAVIT  OF  _____ (printed

name), being duly sworn and personally appearing before the undersigned attesting

officer, duly authorized by law to administer oaths, deposes and says that the within

statements are true and correct:

1.

      I have read the Consent Protective Order attached hereto and I understand its

terms and meanings.

2.

      I agree that my signature below submits me to the jurisdiction of the State

Court of Forsyth County, Georgia, in which the above-styled matter is pending, and

binds me to the provisions of the Consent Protective Order, including to all promises

undertaken in the Order, as if originally agreed to by me.

FURTHER AFFIANT SAYETH NOT.

This _____ day of _____, 20_____.


Signature: _____


_____ County

State of _____


SUBSCRIBED AND SWORN to before me
this _____ day of _____, 20_____.


_____
NOTARY PUBLIC
My Commission Expires:

EFILED IN OFFICE
CLERK OF STATE COURT
FORSYTH COUNTY, GEORGIA

**21SC-1104-A**

Judge Leslie Abernathy-Maddox
JAN 06, 2022 07:18 PM

Greg G. Allen, Clerk
Forsyth County, Georgia

# IN THE STATE COURT OF FORSYTH COUNTY
# STATE OF GEORGIA

MARSHAYLA HENDERSON,

    Plaintiff,

v.

WAL-MART STORES INC.
d/b/a WAL-MART STORE #494,
and JOHN DOE,

    Defendants.

_____/

Civil Action File No.
21SC-1104-A

## CONSENT PROTECTIVE ORDER

By agreement of the parties, and for good cause, the Court finds that a protective order should be entered pursuant to O.C.G.A. §9-11-26 and to O.C.G.A. § 10-1-761(4) for the purpose of protecting commercial and confidential information and trade secrets of Defendant Wal-Mart Stores, Inc. (hereinafter "Defendant") and of all other Wal-Mart entities.

1.

This protective order shall apply to documents and to other things marked "CONFIDENTIAL" by Defendant prior to production in this matter, as well as to the testimony of Defendant's corporate representative concerning same.

2.

All such documents, things, and testimony produced by Defendant pursuant to paragraph 1 above shall be used only in the course of the above-

captioned proceedings.  All such documents, things, and testimony produced by Defendant pursuant to paragraph 1 shall not be used, or provided for use, in any other litigation or proceedings; and shall not be published (orally, electronically, or by any other means) to any person, except as designated herein.

3.

Any counsel of record in this action may disclose protected materials and information to their employees to whom it is necessary that the material be disclosed for purposes of this litigation. The counsel making such a disclosure must ensure that the individual has read a copy of this Protective Order and agrees to be bound by its provisions.

4.

Before receiving access to any materials or information within the scope of this Order, any person not employed by a party or its counsel shall execute a "Written Assurance" in the form contained in Exhibit A, attached hereto.  All parties and their respective counsel who permit access to Protected Documents to such a person shall retain each such executed "Written Assurance" and shall keep a list identifying all persons described in this paragraph to whom protected documents have been disclosed.

5.

Any party contesting whether or not a document or thing should be

marked "CONFIDENTIAL" will notify Defendant, via its counsel, in writing and specifically identify which document he/she contends should not be marked "CONFIDENTIAL."   The parties then will have seven (7) business days after receipt of the aforementioned notification to resolve the dispute without Court intervention. If the parties are not able to resolve the dispute within seven (7) business days, the party contesting the "CONFIDENTIAL" designation shall submit the document or thing, under seal, to the Court for an in-camera inspection and final decision as to whether or not the document should remain "CONFIDENTIAL."

6.

Each party agrees that before filing with the Clerk of Court any paper (including, without limitation, an affidavit, memorandum, or motion) that discloses, directly or indirectly, all or part of any document or thing described in paragraph 1 above, such paper shall be filed under seal and labeled "CONFIDENTIAL."

7.

Upon conclusion of this action, counsel for all parties shall return to counsel for Defendant, at Defendant's expense, the original and all copies made of such documents and materials described in paragraph 1 above.

8.

After the final termination of this action, the restrictions on communication and disclosure provided for herein shall continue to be binding upon the parties and all other persons to whom documents designated as confidential or information contained therein have been communicated or disclosed pursuant to this Order or to any other order of this Court.

9.

It is understood that if any person knowingly violates this Protective Order, said person shall pay such penalties to Defendant as the Court deems appropriate, including any attorneys' fees or expenses associated with the prosecution of said violation, and any other sanctions that the Court finds appropriate under the circumstances.

SO ORDERED this _6th___ day of _January_____, 2022.

Honorable Leslie Abernathy-Maddox
Judge, State Court of Forsyth County

_/s/ Tim O. Henshaw_
Tim O. Henshaw
Georgia Bar No. 835848
Ali Awad Law, P.C.
200 Peachtree Street, Suite 201
Atlanta, Ga 30303
(833) 254-2923
tim@aliawadlaw.com

_/s/ Jennie E. Rogers_
Jennie E. Rogers
Georgia Bar No. 612725
Attorney for Defendant
3445 Peachtree Road, N.E., Suite 500
Atlanta, GA  30326-3240
(404) 365-4576
jrogers@mmatllaw.com

**EXHIBIT "A"**
**IN THE STATE COURT OF FORSYTH COUNTY**
**STATE OF GEORGIA**

MARSHAYLA HENDERSON,

      Plaintiff,

v.

WAL-MART STORES INC.
d/b/a WAL-MART STORE #494,
and JOHN DOE,

      Defendants.

_____/

Civil Action File No.
21SC-1104-A

WRITTEN ASSURANCE

AFFIDAVIT  OF  _____ (printed

name), being duly sworn and personally appearing before the undersigned attesting

officer, duly authorized by law to administer oaths, deposes and says that the within

statements are true and correct:

1.

I have read the Consent Protective Order attached hereto and I understand its

terms and meanings.

2.

I agree that my signature below submits me to the jurisdiction of the State

Court of Forsyth County, Georgia, in which the above-styled matter is pending, and

binds me to the provisions of the Consent Protective Order, including to all promises

undertaken in the Order, as if originally agreed to by me.

FURTHER AFFIANT SAYETH NOT.

This _____ day of _____, 20_____.


Signature: _____


_____ County

State of _____


SUBSCRIBED AND SWORN to before me
this _____ day of _____, 20_____.


_____
NOTARY PUBLIC
My Commission Expires: